FILED
United States Court of Appeals
Tenth Circuit

September 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SOCIETY OF PROFESSIONAL
ENGINEERING EMPLOYEES IN
AEROSPACE, LOCAL 2001,
INTERNATIONAL FEDERATION OF
PROFESSIONAL AND TECHNICAL
EMPLOYEES,

          Plaintiff-Appellant,

v.

SPIRIT AEROSYSTEMS, INC.,

          Defendant-Appellee.

No. 12-3345
(D.C. No. 6:12-CV-01180-JTM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

      Spirit Aerosystems, Inc. entered into collective-bargaining agreements with

the Society of Professional Engineering Employees in Aerospace, Local 2001. The

agreements allow represented employees to file grievances with Spirit and to compel

arbitration if they are dissatisfied with the way that the company responded to such

grievances. The union can file union-wide grievances and compel arbitration if the

matter involves lockouts.

---

[*]     This order and judgment does not constitute precedent. *See* 10th Cir. R. 32.1.

The problem here is that the union filed grievances that did not involve lockouts. Instead, the grievances related to Spirit's processes for evaluating employee performance. Dissatisfied with Spirit's responses to the grievances, the union sued in federal district court to compel arbitration. On cross-motions for summary judgment, the court held as a matter of law that the dispute was not arbitrable. Concluding that the district court properly refused to compel arbitration, we affirm.

I.      THE FOUR-STEP GRIEVANCE PROCESS

The collective-bargaining agreements contain a progressive four-step grievance procedure. In the first step, an employee brings an oral complaint to his immediate supervisor. A dissatisfied employee may appeal in three successive steps: In Step Two, the employee files a written complaint to the employee's supervisor; in Step Three, the grievance can be appealed to human resources; and in Step Four, the employee can appeal the decision of human resources by invoking binding-arbitration. Aplt. App. Vol. III at 323-25; *see also id*. at 435-37.

The four-step process is qualified by a separate provision for lockouts: When the union wishes to address an alleged lockout, it can utilize the grievance process and skip the first two steps. *Id*. at 358; *see also id*. at 482.

II.     THE UNION'S GRIEVANCES

The union submitted two grievances, alleging that it was not consulted when Spirit changed its method of evaluating employees. *Id*., Vol. II at 139-42. Spirit

denied the grievances on three grounds:  (1) The union can only use the grievance process when addressing an alleged lockout; (2) the agreements exclude disputes about employee evaluations from the usual grievance process; and (3) the union's allegations were invalid on the merits.

The union responded by demanding arbitration.  After reaching an impasse with Spirit about the availability of arbitration, the union sued in federal court to compel Spirit to arbitrate the grievances.

The district court granted summary judgment to Spirit on two grounds: (1) The "individualized nature" of the grievance procedure limited the union to arbitration for alleged lockouts; and (2) the agreements state that the grievance procedure does not cover disputes over employee-performance plans.

III.    STANDARD OF REVIEW

When we review an award of summary judgment, we apply the same standard that governed in the district court.  *Commc'n Workers v. Avaya, Inc.*, 693 F.3d 1295, 1300 (10th Cir. 2012).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

IV.    CHARACTERIZATION OF ARBITRABILITY AS SUBSTANTIVE OR PROCEDURAL

We begin by determining whether the issue of arbitrability is substantive or procedural.  Substantive arbitrability deals with whether the dispute relates to matters that the parties agreed to arbitrate.  *UAW v. Folding Carrier Corp.*, 422 F.2d 47, 49

- 3 -

(10th Cir. 1970).  Procedural arbitrability addresses whether parties have satisfied conditions that allow them to use arbitration.  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002).  If the dispute is substantive, the court determines arbitrability; if the issue is procedural, the arbitrator determines arbitrability.  *Id.*

Like the district court, we regard the issue as substantive rather than procedural.  The dispute is whether Spirit and the union agreed to arbitrate issues related to employee performance evaluation, not about how the grievance was presented.  It is the responsibility of the court, rather than the arbitrator, to determine "whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance."  *AT&T Techs., Inc. v. Commc'n Workers*, 475 U.S. 643, 649 (1986).  Thus, it was proper for the district court to decide arbitrability.

V.      CONSIDERATION OF ARBITRABILITY

Having determined that the dispute is substantive rather than procedural, we must determine whether Spirit and the union agreed to arbitrate class-wide disputes over Spirit's employee performance and evaluation process.  No such agreement existed.

When a collective-bargaining agreement contains an arbitration clause, we presume arbitrability and decide whether we can positively assure the inability to interpret the arbitration clause in a way that covers the dispute.  *Id.* at 650.  In the absence of an express provision excluding the grievance from arbitration, the Supreme Court instructs that "only the most forceful evidence of a purpose to

- 4 -

exclude the claim from arbitration can prevail." *United Steelworkers v. Warrior &*

*Gulf Navigation Co.*, 363 U.S. 574, 584-85 (1960). Notwithstanding this

presumption of arbitrability, "arbitration is a matter of contract and a party cannot be

required to submit to arbitration any dispute which he has not agreed so to submit."

*Id.* at 582.

With positive assurance, we can tell that the grievance process did not cover

union disputes over employee evaluations. This assurance stems from the fact that

Steps Two, Three, and Four involve administrative appeals; and the first step can

only be used by an engineer or employee,[1] rather than the union. Aplt. App. Vol. III

at 324. At the first step, the engineer or employee must raise the complaint with "*his*

immediate supervisor." *Id.* (emphasis added). Step Two provides that a written

complaint must then be "documented and signed by the *engineer* . . . [and] submitted

to *the engineer's* supervisor." *Id.* (emphasis added). Step Three again refers

exclusively to the "*engineer.*" *Id.* (emphasis added).

The language of the grievance procedure indicates that it ordinarily applies

only to individual engineers or employees, but not the union. After all, a

union-company dispute about company policy would be incapable of resolution at

Steps One and Two. Indeed, the union began the grievance process at Step Three

---

[1]     There are two versions of the collective-bargaining agreements; one uses the term "engineer" while another uses the word "employee." *Compare* Aplt. App. Vol. III at 324, *with id*. at 436. Both versions indicate that the grievance procedure applies to grievances brought by individuals rather than class-wide grievances brought by the union.

because starting at Step One would have been a "futile waste of time." *Id*., Vol. IV at 629.

But nothing in the grievance procedure authorized the union to bring a grievance, whether at Step One or Step Three. Simply beginning at Step Three did not broaden the scope of the process to include the union; rather, the grievance procedure describes progressive steps and makes clear that Step Three (appeal to Human Resources) and Step Four (arbitration) only occur after completion of the previous two steps. Thus, the scope of Step Three cannot extend beyond the scope of the first two steps. And, those two steps apply only to disputes brought by individual engineers. As a result, we can tell with positive assurance that the union cannot ordinarily bring class-wide grievances about Spirit's employee performance and evaluation process under the four-step grievance procedure.

The single exception is for lockouts, as the collective-bargaining agreements expressly authorize the union to use the four-step grievance procedure and to start at Step Three if the issue involves a lockout. This exception would make little sense if the union could *always* use the grievance procedure and start at Step Three.

The collective-bargaining agreements permit individual engineers to seek redress over individual disputes, and the union can use this process only when it is complaining about a lockout. Accordingly, the union cannot compel arbitration over

its complaint about Spirit's processes for evaluating employees.  Because the union could not compel arbitration, we affirm.

<div style="margin-left: 45%;">

Entered for the Court


Robert E. Bacharach
Circuit Judge

</div>